# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| Jeffrey R. Modica, Katarzyna A. Modica aka ) | |
| Katie Modica ) | |
| ) | Case No. 08-14633 |
| Debtors. ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on July 19, 2013, at 9:30 a.m., the undersigned will appear before the Honorable Donald R. Cassling at the DuPage County Courthouse, 505 North County Farm Road, Courtrom 4016, Wheaton, Illinois and will then and there present the attached <u>DEBTORS' MOTION FOR SANCTIONS AND DAMAGES AGAINST GREEN TREE SERVICING, LLC PURSUANT TO 11 U.S.C. §§ 105, 524 AND FED. R. BANKR. P. 9020 FOR VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION</u>, at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, upon the above parties listed on the attached service list via US First Class Mail, Postage Prepaid on July 2, 2013 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523

BY:   S/ PAUL M. BACH, OF COUNSEL
      SULAIMAN LAW GROUP, LTD
      COUNSEL FOR DEBTOR(S)
      900 JORIE BOULEVARD, SUITE 150
      OAK BROOK, IL 60523
      PHONE: (630) 575-8181
      FAX:   (630) 575-8188
      ATTORNEY NO: 6209530

## Service List

Jeffrey & Katarzyna Modica
240 South Villa Avenue
Addison, IL  60101

Office of The United States Trustee
Region 11
219 S. Dearborn Street
Room 873
Chicago, IL  60604

Brenda Porter Helms, ESQ
The Helms Law Firm, P.C.
3400 West Lawrence
Chicago, IL  60625

Green Tree Servicing LLC
c/o Registered Agent
C T Corporation System
208 South LaSalle St., Suite 814
Chicago, IL  60604

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Jeffrey R. Modica, Katarzyna A. Modica aka ) | |
| Katie Modica, ) | |
| ) | Case No. 08-14633 |
| Debtors. ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

**DEBTORS' MOTION FOR SANCTIONS AND DAMAGES
AGAINST GREEN TREE SERVICING, LLC PURSUANT TO
11 U.S.C. §§ 105, 524 AND FED. R. BANKR. P. 9020 FOR
VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION**

**NOW COME**, the Debtors, Jeffrey and Katarzyna Modica ("Debtors"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., bringing this Motion Pursuant to 11 U.S.C. §§ 105, 524 and Fed. R. Bankr. P. 9020 seeking sanctions and damages from Green Tree Servicing, LLC ("Green Tree") for Violations of the Discharge Injunction, and in support thereof, stating as follows:

NATURE OF ACTION

1. Debtors bring this action for sanctions, and actual and punitive damages against Green Tree for violations of the Bankruptcy discharge injunction based upon Green Tree's unlawful acts designed to collect a debt discharged in bankruptcy.

1

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 105, 524, and 28 U.S.C. §§ 157 and 1334. This proceeding arises out of and related to the above-captioned Chapter 7 case under Title 11.

3. This is a core proceeding pursuant to 28 U.S.C. § 157 and therefore the Bankruptcy Court has jurisdiction to enter a final order.

4. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409 whereby Green Tree's post bankruptcy communications to Debtors for the collection of debt occurred in this District, Green Tree maintains offices in this District, and this proceeding arises out of and is related to the above-captioned Chapter 7 case.

## PARTIES

5. Movants in this matter are the Debtors under Chapter 7 of Title 11 of the United States Code in Bankruptcy Case Number 08-14633 filed June 6, 2008.

6. At all times relevant to this action, Green Tree is and was a corporation licensed to conduct business in the State of Illinois, and maintains offices in Illinois.

## STATEMENT OF FACTS

7. On June 6, 2008, Debtors caused their previous attorney to file a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 08-14633.

8. Debtors' Schedule D listed a secured pre-petition debt to Countrywide Home Loans ("Countrywide") account number 151355109 (the "subject debt"), in the approximate amount of $50,000.00 secured by a second mortgage on the property located at 240 S. Villa Avenue,

Addison, IL 60101 (the "subject property"). *See* attached Exhibit A is a true and correct copy of Debtors' Schedule D filed with the Court.

9. On or about June 9, 2008, the Bankruptcy Noticing Center ("BNC") provided Countrywide with notice of the bankruptcy filing. *See* attached Exhibit B is a true and correct copy of the Certificate of Service executed by the BNC.

10. The meeting of creditors was held on July 9, 2008 at 505 N. County Farm Road, Room 2017, Wheaton, IL 60187.

11. A representative of Countrywide was not present at the 341 meeting of creditors.

## Green Tree's Actions After Discharge

12. On September 9, 2008, the Debtors were granted a discharge of all dischargeable debts under 11 U.S.C. § 727. The discharge *included the subject debt*.

13. On September 9, 2008, BNC provided Countrywide with notice of the Chapter 7 discharge. *See* Exhibit C attached hereto is a true and correct copy of the BNC certificate of service.

14. Debtors did not reaffirm the subject debt in their bankruptcy petition, which was with Countrywide at the time, but continued to make regular monthly payments on the subject debt after filing bankruptcy in order to retain possession of their home.

15. At time of filing bankruptcy, throughout their bankruptcy, and when they received their discharge, the Debtors were current on the subject debt and made regular monthly payments.

16. For many months after the bankruptcy discharge, Debtors continued to make regular payments on the subject debt.

17. At some point after the bankruptcy filing, servicing and ownership of the subject debt transferred from Countywide to Green Tree, and referenced by Green Tree account number 169602-2203555879.

18. Green tree serviced the subject debt after the Debtors' bankruptcy discharge.

## Green Tree's Actions

19. Upon information and belief, after the Debtors' bankruptcy, Green Tree acquired servicing rights to the subject debt.

20. Throughout the two (2) years after the Debtors received a Chapter 7 discharge, the Debtors continued to make regular monthly payments on the subject debt and were never late in making a payment.

21. Debtors received a discharge on September 9, 2008. Debtors stopped making regular monthly payments on the subject debt in or around October 2011.

22. Immediately after Debtors stopped paying the subject debt, Green Tree began calling them requesting payment. Green Tree continued to call even after the Debtors advised them of the bankruptcy.

23. After their bankruptcy discharge, in total, Debtors received over one hundred (100) calls from a representative of Green Tree by the name of "Katie Ferguson" (exact spelling unknown), calling from (800) 234-7101, to collect upon the subject debt.

24. Notwithstanding their Chapter 7 discharge, after Debtors stopped paying the subject debt, Katie Ferguson of Green Tree called both the Debtors' cell phones up to five (5) times a day to collect upon the subject debt. Generally, three (3) out of every five (5) times she called, she left a voicemail.

25. Katie Ferguson also called both of the Debtors' parents inquiring about the Debtors in order to collect upon the subject debt.

26. In November 2011, Katie Ferguson called the Debtors' neighbor inquiring about the Debtors in order to collect upon the subject debt.

27. On November 12, 2011, after Green Tree contacted the Debtors' neighbor, the Debtors called Katie Ferguson and spoke to her twice that day; one phone call lasted two (2) minutes, and the other lasted nine (9) minutes, to advise her and Green Tree to stop calling not only the Debtors, but their parents and neighbors.

28. Debtors specifically advised Green Tree during the above-mentioned conversations that they had filed bankruptcy with regards to the subject debt. Debtors further advised Green Tree that the calls were harassing and disrupting their lives.

29. The calls did not stop after the above-described November 12, 2011 conversations and the Green Tree's harassment for collection continued at the same frequency as before.

30. After the calls continued, and more than a month after the Debtors personally advised Green Tree of their bankruptcy, on December 20, 2011, the Debtors once again returned Katie Ferguson's voicemail to notify her of their bankruptcy.

31. During the December 20, 2011 phone conversation, the Debtors advised Katie Ferguson once again that they had filed for bankruptcy with regard to the subject debt. Katie Ferguson advised the Debtors that they continued to owe the subject debt despite their bankruptcy. Upon the Debtors' request, Katie Ferguson eventually put her supervisor on the line.

32. Once on the line with Katie Ferguson's supervisor, the Debtors advised him that they had filed bankruptcy. The supervisor replied, "If you filed bankruptcy, how do you not have money

to pay back [the subject debt]?" Green Tree told the Debtors that they were still responsible for the subject debt, and should be able to pay *because* of their bankruptcy.

33. The above-mentioned December 20, 2011 phone call with Green Tree lasted fifty-four (54) minutes, and Debtors spoke to at least two (2) different representatives regarding the subject debt being discharged in bankruptcy during the almost hour long phone call.

34. After the above-mentioned phone call, Green Tree continued its aggressive collection efforts and Katie Ferguson of Green Tree continued to call the Debtors multiple times a day.

35. Thereafter, a representative of Green Tree sent a large intimidating man to visit the Debtors at the subject property, who rang their doorbell, spoke to them about their ability to pay the subject debt, and stood in the doorway until the Debtors advised him that they understood that he was seeking to collect upon the subject debt and would take that into consideration, as well as call Green Tree to discuss payment of the subject debt.

36. Overall, Debtors suffered damages from Green Tree's actions, in addition to attorney fees and costs, resulting from the constant phone calls and harassment of not only their immediate family, but their extended family and neighbors.

### Green Tree's Willful Violations of 11 U.S.C. § 524(a)(2)

37. Debtors repeat and reallege paragraphs 1 through 36 above as though fully set forth herein.

38. Green Tree committed multiple egregious violations of the Debtors' discharge injunction.

39. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

40. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

41. Green Tree received notices, through its predecessor Countrywide, of both the bankruptcy filing and the automatic stay and the discharge order from BNC on June 9, 2008 and September 9, 2008, respectively. *See* Exhibits B & C.

42. Between notices from BNC and the Debtors themselves, Green Tree received notice of the bankruptcy on at least six (6) separate occasions.

43. Despite having notice and actual knowledge of the discharge, Green Tree willfully continued it collection efforts.

44. The actions of Green Tree as alleged herein occurred in violation and contempt of the Order of Discharge entered by this Honorable Court.

45. Green Tree's collection efforts were specifically designed for the collection of a discharged debt, as illustrated by the following system of:

    a. Harassing the Debtors despite the bankruptcy;
    b. Setting up a "one-party contact" to call the Debtors multiple times a day;
    c. Having the "one-party contact" develop a relationship or establish familiarity with Debtors by calling multiple times a day;
    d. Making frequent, daily calls in order to make Debtors feel that they must pay the discharged debt in order to stop the calls;
    e. Making no effective record or note of the bankruptcy in Green Tree's internal system;
    f. Refusing to cease calling after having knowledge of bankruptcy or receiving notice directly from the Debtors that they were not liable for the subject debt;
    g. Contacting the family members and neighbors of Debtors; and

    h.  Sending representatives to the Debtors' residence to discuss payment of the subject debt.

46. Green Tree's conduct violates the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of Bankruptcy Court orders.

47. Green Tree's actions amount to a flagrant and willful disregard to the discharge injunction as set forth in 11 U.S.C. § 524(a)(2).

48. Green Tree's conduct violates the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of Bankruptcy Court orders.

### Actual Damages

49. The conduct of Green Tree in this case substantially frustrated the Discharge Order entered by this Court and caused the Debtors unwarranted and unnecessary time, effort, and expenses in seeking to enforce their rights afforded by the Bankruptcy Code.

50. Green Tree repeated and unlawfully attempted to coerce the Debtors into paying the discharged debt by calling to their cell phones multiple times each day, leaving multiple messages per day on their voicemail, calling their parents and neighbors, and by visiting the Debtors' home.

51. The Debtors and their family, immediate and extended, have been severely agitated, annoyed, traumatized, emotionally damaged, and otherwise unduly inconvenienced by Green Tree's actions described above.

52. As a direct result of Green Tree's willful and egregious conduct, including Green Tree's repeated and continued attempts to collect upon a discharged debt, the Debtors have been both harassed and damaged, and forced to spend time and expenses in an attempt to cease Green Tree's collection efforts, as well as bringing this action.

53. Green Tree's constant phone calls and misrepresentations regarding the subject debt placed a strain on the Debtors' marriage, and their relationship with the family and neighbors.

54. As a direct result of Green Tree's misrepresentations regarding the subject debt, Debtors were forced to hire counsel well after their bankruptcy discharge in order to understand the true effect of the discharge on the subject debt, and to have counsel contact Green Tree directly requesting that the calls stop.

55. The Debtors are entitled to actual damages, including attorney fees and costs, for Green Tree's willful contempt of the discharge order.

## **Punitive Damages**

56. The Debtors are entitled to punitive damages for Green Tree's continued willful, knowing, and malicious violations of the discharge injunction.

57. In order to protect the spirit and purpose of a bankruptcy discharge contemplated by Congress as well as to give Debtors the fresh start that Congress intended, this Court must impose civil contempt sanctions and punitive damages upon Green Tree for its willful and arrogant disregard of this Court's orders and the protections afforded to the Debtors by the Bankruptcy Code.

58. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

59. Green Tree systematically continued their aggressive collection efforts despite having actual notice of the Debtors' bankruptcy filing. Green Tree's repeated phone calls and harassment are indicative of its "arrogant defiance" of the Bankruptcy Code.

60. Green Tree is an institutional creditor that has knowingly and maliciously repeated acts that violate the Bankruptcy Code.

61. The Debtors counsel currently represents other debtors in other cases involving similar acts committed by Green Tree, primarily with regard Green Tree's repeated daily phone calls to in flagrant disregard of bankruptcy protections and bankruptcy court order.

62. Other state districts have dealt with Green Tree's unlawful acts with regard to a borrower's bankruptcy, and imposed punitive damages that failed have to deter the acts described herein and in similar cases involving Green Tree.

63. Green Tree was a party to the Texas case of *In re Mooney,* 340 B.R. 351 (E.D. Texas 2006), involving Green Tree's willful and malicious violations of the discharge injunction.

64. In that case, the Honorable Judge Bill Parker entered a judgment of $61,643.40 against Green Tree, which consisted of $40,000.00 in punitive damages.

65. The punitive damages award in that case failed to deter Green Tree's unlawful practices and procedures for the collection of discharged debt.

66. Green Tree's efforts against Debtors when considered along with the recent case of *In re Mooney,* represent a pattern and practice of unlawful actions designed for the collection of a discharged debt.

67. In *In re Mooney*, the court emphasized that the discharge injunction prohibits any attempt to collect upon a discharge debt, whether by phone, letter, or in person. *Id.* at 355.

68. In *In re Mooney*, Green Tree had assigned a single point of contact to call the debtor for collection of a discharged debt. Green Tree originally contacted the debtor to ostensibly seek information about the co-borrower, debtor's ex-husband. After numerous phone calls, the debtor in that case advised Green Tree that she would not be contacting her ex-husband about the subject debt. The debtor told Green Tree that she was not liable for the debt and that Green Tree could check its file or call her attorney for verification. After which, Green Tree advised the

10

debtor in that case that she would still be personally liable. Green Tree continued to call debtor with full knowledge of her bankruptcy to collect upon a discharged debt, and eventually filed suit the collect the discharged debt.

69. The *In re Mooney* court issued sanctions and awarded punitive damages of $40,000.00 to deter Green Tree's future violations of the Bankruptcy Code and collection of discharged debts.

70. The conduct of Green Tree involving Debtors, taken in conjunction with that punished by the imposition of punitive damages in *In re Mooney*, and the other cases filed by present counsel, represents the deliberate continuance of a pattern of activity designed to collect upon discharged debts.

71. Green Tree was not deterred by the punitive damages imposed in *In re Mooney*, that it continued its practice and proceeded to collect upon discharged debt with the same degree of harassment, persistence, and multiplicity of phone calls.

72. Green Tree, as a highly sophisticated and experienced debt collector, should have implemented procedures and trained its employees to avoid willfully violating the discharge injunction.

73. If courts allow this behavior to go unpunished, Green Tree would deliberately continue its internal system designed for collection of discharged debts, fail to properly update its records to accurately reflect the filing of bankruptcy petitions and the discharge of debt, or train its representatives to understand the effect of a bankruptcy discharge on debt.

74. Green Tree willfully and maliciously deprived the Debtors of the fundamental protections afforded by discharge provisions of the Bankruptcy Code. *See* 11 U.S.C. §§ 362(a)(3) and 524(a).

75. The Debtors are entitled to punitive damages, as well as attorney fees and costs for Green Tree's willful, knowing, and malicious violations of the discharge injunction.

**WHEREFORE,** the Debtors having set forth their claims for relief against Green Tree respectfully pray of the Court as follows:

a. That this Honorable Court enter an order finding Green Tree in civil contempt for violations of 11 U.S.C. § 524;

b. That this Honorable Court enter an order directing Green Tree to pay actual damages for violations of 11 U.S.C. § 524;

c. That this Honorable Court enter an order directing Green Tree to pay punitive damages for violations of 11 U.S.C. § 524.

d. That this Honorable Court enter an order directing Green Tree to pay sanctions to deter Green Tree from similar future conduct.

e. That this Honorable Court enter an order directing Green Tree to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by their attorney for violations of 11 U.S.C. § 524; and

f. That the Debtors such other and further relief as the Court may deem just and proper.

Dated: July 2, 2013                                      Respectfully Submitted,

                                                         /s/ Paul M. Bach
                                                         Paul M. Bach, Of Counsel #6209530
                                                         Counsel for Debtors
                                                         Sulaiman Law Group, LTD
                                                         900 Jorie Blvd, Ste 150
                                                         Oak Brook, IL 60523
                                                         Phone (630)575-8181
                                                         Fax: (630)575-8188